[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON AMENDED MOTION FOR CONTEMPT DATED JANUARY 10, 1992 (NO. 144)
The court, having heard the motion for contempt, having heard the arguments of counsel, having heard the parties, having reviewed the exhibits, having taken into consideration all of the relevant statutory criteria including Connecticut General Statutes 46b-87 and having reviewed the stipulation of arrears and the affidavits of the parties, orders as follows:
 1. The husband is not found in contempt for failure to convey the property in Acapulco, Mexico. Previous orders of signing documents by 5:00 p. m., March 13, 1992 to apply.
 2. The husband is found to be in arrears $3,250.00. This is broken down as set forth on the agreement dated March 12, 1992, except that there was a finding of arrearage on the first day of August, 1991 in front of Judge Ballen in the sum of $1,050.00.
 3. The husband is found in contempt of court for failure to pay the $1,050.00 due as of August 1, 1991.
CT Page 3310
 4. The husband is to pay the wife's reasonable counsel fees under Connecticut General Statutes 46b-87. This court already ordered $400.00 for the September 12, 1991 proceedings which began, based on the attorney's time records, on April 16, 1991. There has been no evidence as to the source of the debt of $1,058.76 for services rendered prior to April 26, 1991. Therefore, reasonable counsel fees of $500.00 are ordered to be paid to the wife.
 5. The arrearage is $3,250.00. Counsel fees are $500.00. Due under the September 12, 1991 order common charge of $850.00. There is a total due of $4,600.00.
 6. Arrearage of $4,600.00 to be paid at $30.00 per week, except that when the check for Daddario Industries is received, the wife is to be paid in full the attorney's fees of $500.00 and the common charge of $850.00 for a total of $1,350.00. The husband has no assets or income sufficient to cause this court to order any lump sum payment at this time.
 7. Reasonable sheriff's fees are ordered to be paid by the husband to the wife.
 8. The husband is to send a letter to Daddario Industries notifying them that, when they send him the check, they are to send a copy to Attorney Fischel.
EDWARD R. KARAZIN, JR., JUDGE